IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v. CRIMINAL ACTION NO. 2:21-cr-161

DANA JAHMAL STEVENSON

**MEMORANDUM OPINION AND JUDGMENT ORDER**

Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. [ECF No. 65]. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive

application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, and the addendum to the PSR from the Probation Office. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Finding that the Defendant is ineligible for relief, the Court has not appointed counsel or ordered the parties to submit responses.

On May 2, 2022, Mr. Stevenson was sentenced to 105 months of imprisonment on each of Counts One and Two, followed by three years of supervised release on each count to run concurrently, for possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and for possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1). [ECF No. 42]. His total offense level was 23. *See* [ECF No. 45, ¶ 51]. He had a subtotal of ten criminal history points. *Id.* ¶ 57. Two points were added to his subtotal pursuant to U.S.S.G. § 4A1.1(d) because he committed the offense of conviction while under another criminal justice sentence, resulting in a total of twelve criminal history points and a Criminal History Category of V. *Id.* ¶¶ 58–59. Based on a total offense level of 23 and Criminal History Category

of V, Mr. Stevenson's guideline range was 84 to 105 months. [ECF No. 44, at 1].

Following the retroactive amendment to the Guidelines, Mr. Stevenson's status points would be eliminated. One point is then added because he had a subtotal of ten criminal history points and committed the present offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e) (Nov. 2023). After recalculating his criminal history points, Mr. Stevenson has a total of eleven criminal history points, which does not lower his Criminal History Category. Thus, Mr. Stevenson's guideline range is not altered by the application of the Amendment.

Because the application of Amendment 821 does not have the effect of lowering his guideline range, Mr. Stevenson is ineligible for relief under the Amendment. U.S.S.G. § 1B1.10(a)(2)(B) provides that "[a] reduction in the defendant's term of imprisonment … is not authorized under 18 U.S.C. § 3582(c)(2) if … [Amendment 821] does not have the effect of lowering the defendant's applicable guideline range." Here, Mr. Stevenson's guideline range of 84 to 105 months remained the same. Therefore, he is ineligible for a reduction.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that Defendant's motion, [ECF No. 65], and any relief pursuant to 18 U.S.C. § 3582(c)(2) be **DENIED**, and that the sentence imposed on May 2, 2022, remain in effect.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the

United States Marshals.

ENTER: May 14, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE